UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50015-02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AS TO <u>FRANKS</u>** |
| | ) | **HEARING** |
| ARLAND CLARK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Defendant Arland Clark is before the court on 43 counts of a 90-count superseding indictment charging him with conspiracy to defraud the United States, wire fraud, mail fraud, money laundering, conspiracy to commit money laundering, and tax evasion. <u>See</u> Docket No. 103. Mr. Clark has filed a motion to suppress certain statements he made to the government, the fruits of a warrantless search, and the fruits of a search pursuant to a search warrant. <u>See</u> Docket No. 118. The district court, the Honorable Jeffrey L. Viken, referred Mr. Clark's motion to this magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

  In Mr. Clark's initial motion and brief, Mr. Clark never alleged that the agent who swore out the affidavit in support of the search warrant of May 24, 2005, lied or omitted facts. However, in responding to Mr. Clark's motion, the government addressed this issue. In response, Mr. Clark filed a supplemental

pleading in which he now alleges that the agent lied or omitted facts. See Docket No. 183.

A defendant is not entitled to an evidentiary hearing on the veracity of an affidavit in support of a search warrant simply by raising the issue. As a preliminary matter, a defendant is only entitled to a Franks[1] hearing if he makes a substantial showing that an affiant to a search warrant application knowingly or intentionally, or with reckless disregard for the truth, made false statements or omitted material facts and that the alleged statements were necessary to a finding of probable cause. Franks, 438 U.S. at 155-56. As the Franks Court explained:

> To mandate an evidentiary hearing [as to the veracity of statements in the affidavit in support of the search warrant], the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Id. at 171. Even if falsehoods are demonstrated, if–setting aside those falsehoods–there still exists probable cause to support the issuance of the warrant, no hearing is to be held. Id. at 171-72.

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

The court finds that Mr. Clark is not entitled to a <u>Franks</u> hearing because he has not made a substantial showing that the agent knowingly, intentionally, or with reckless disregard made false statements or omitted material facts. No offer of proof is made. No affidavits or witness statements are offered. And Mr. Clark never addresses the absence of these documents. Mr. Clark's arguments boil down to asserting that Mr. Clark has not committed the crimes which the affidavit stated were being investigated. His allegation that the agent "omitted" material facts is simply that the agent failed to inform the issuing magistrate judge that the agent "knew" Mr. Clark had not committed these crimes.

Mr. Clark asserts that the agent knew that Mr. Clark did not himself handle any of the funds allegedly involved in the crimes charged. However, the affidavit does allege that Mr. Clark was the person who sold people on the idea of investing in fraudulent schemes. This is sufficient, if true, to involve Mr. Clark in the crimes alleged whether or not he personally handled any of the funds. Failure of the agent to recite the fact that Mr. Clark did not personally handle or transfer any of the funds involved is beside the fact.

Accordingly, it is hereby

ORDERED that Mr. Clark is not entitled to a <u>Franks</u> hearing regarding the veracity of the statements made by the agent in support of the May 24, 2005, search warrant. The court will address in a separate decision the issue

of whether the four corners of the affidavit supported a finding of probable cause.  This analysis, however, does not permit the court to entertain testimony explaining or supplementing the four corners of the affidavit.  See United States v. Olvey, 437 F.3d 804, 807 (8th Cir. 2006) ("where there is no evidentiary hearing before the magistrate judge [who issued the search warrant], the probable cause determination must be based upon only that information which is found within the four corners of the affidavit.").

Dated August 15, 2011.

                BY THE COURT:

                /s/ *Veronica L. Duffy*
                VERONICA L. DUFFY
                UNITED STATES MAGISTRATE JUDGE